IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| OPEN TEXT INC. and OPEN TEXT US LLC,<br><br>Plaintiffs,<br><br>v.<br><br>INTELLECTUAL VENTURES I LLC; INTELLECTUAL VENTURES II LLC; INVENTION INVESTMENT FUND I, LP; INVENTION INVESTMENT FUND II, LLC; OL SECURITY LIMITED LIABILITY COMPANY; XENOGENIC DEVELOPMENT LLC; and S. AQUA SEMICONDUCTOR, LLC,<br><br>Defendants. | ) | C.A. No. ______<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

Plaintiffs Open Text Inc. and Open Text US LLC (collectively, "OpenText") bring this Complaint for Declaratory Judgment against Defendants Intellectual Ventures I LLC ("IV I"), Intellectual Ventures II LLC ("IV II"), Invention Investment Fund I, LP ("IIF I"), Invention Investment Fund II, LLC ("IIF II"), OL Security Limited Liability Company ("OL Security"), Xenogenic Development LLC ("Xenogenic"), and S. Aqua Semiconductor, LLC ("Aqua") (collectively, "IV" or "Defendants"). OpenText alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement of U.S. Patent Nos. 7,596,562 (the "'562 Patent"); 7,669,081 (the "'081 Patent"); 8,127,367 (the "'367 Patent"); 8,290,948 (the "'948 Patent"); 8,332,844 (the "'844 Patent"); 8,352,584 (the "'584 Patent"); and RE48,894 (the "RE'894 Patent") (collectively, the "Asserted Patents") under the Federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 101 et seq., and for other relief the Court deems just and proper.

2. OpenText is a leading Cloud and AI company that provides organizations throughout the United States, and around the world, with a comprehensive suite of information management software products, services, and solutions. OpenText helps companies to systematically and efficiently organize, store, protect, and utilize information through offerings such as enterprise content and document management platforms, cybersecurity, IT management, and DevOps, among others.

3. On September 28, 2026, IV, acting by and through a licensing agent called IV Global Licensing, LLC ("IVGL"), sent a letter to OpenText (the "September 28 Letter," a true and correct copy of which is attached hereto as Exhibit A), in which IV accused OpenText of infringing the Asserted Patents based on OpenText's alleged use of certain expressly identified "infringing products," including third-party software Docker, Kubernetes, Okta Single Sign-On, Apache Kafka, and Apache Spark, as well as OpenText's Functional Testing and Core DNS Protection products and services. Ex. A at 1. IV further stated that it "accuses" OpenText's implementation of the third-party software. *Id.* at 2 n.*. IV expressed that OpenText, and its customers and partners, lacked authorization to practice the Asserted Patents in the absence of a license. *Id.* at 1.

4. OpenText denies that it has infringed or is infringing IV's Asserted Patents.

5. An actual, substantial, and immediate controversy exists between OpenText and IV regarding alleged infringement of the Asserted Patents.

6. OpenText brings this action to obtain a declaration that it is not infringing the Asserted Patents.

## FACTUAL BACKGROUND

7. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

8. OpenText develops, markets, operates, supports, and offers AI-driven, secure information management software products and services that help customers create a limitless digital workforce to solve problems and take action. Through its pioneering products and services, OpenText has become a top-ten global software company that delivers innovation and value to organizations of all sizes.

9. IVGL purports to be and has functioned as IV's agent and representative with respect to the Asserted Patents, individually and collectively. *See* Ex. A at 1 ("IVGL is the licensing agent for, and on behalf of Invention Investment Fund I, LP (including its subsidiaries such as Intellectual Ventures I, LLC, collectively, 'IIF1') and Invention Investment Fund II, LLC (including its subsidiaries such as Intellectual Ventures II, LLC, collectively, 'IIF2'"). Thus, IVGL's statements to OpenText, including as set forth in the September 28 Letter, are on behalf of, and are attributable to, IV.

10. On or about September 28, 2026, IV, by and through IVGL, sent the September 28 Letter to OpenText. The September 28 Letter was addressed and delivered to OpenText's Executive Vice President and Chief Legal Officer, with a copy to OpenText's Chief Counsel, Intellectual Property. Ex. A at 1–2.

11. In the September 28 Letter, IV, by and through its agent IVGL, among other things: (a) identifies each Asserted Patent; (b) asserts that each asserted patent "cover[s] technologies used in at least the example products, platforms, features, and/or services" set forth in a table, (c) identifies, for each Asserted Patent, an "Example Claim," (d) provides in a table, in a row for each Example Claim of each Asserted Patent a specific "Example Product/Feature" that OpenText

allegedly "makes, uses, sells, offers for sale, imports, and/or encourages its customers and partners to make, use, sell, offer to sell and /or import," (e) refers to each Example Product/Feature as an "infringing product[]," (f) refers to the third party "infringing products" as "accused" based on OpenText's alleged implementation of the same, and (g) asserts that OpenText and its "customers or partners" lack authorization to practice any of the Asserted Patents without a license. *See* Ex. A at 1-2. The September 28 Letter also attaches copies of the Asserted Patents that it accuses OpenText of infringing. *Id.* at 3-36.

12. The September 28 Letter's invocation of the language that "OpenText makes, uses, sells, offers for sale, imports, and/or encourages its customers and partners to make, use, sell, offer to sell and/or import" mirrors the language of infringing behavior set forth in 35 U.S.C. § 271.

13. In a footnote, IV, by and through IVGL, clarifies that it "accuses" OpenText's specific use of third party products, and offers to "provide additional details around these issues under NDA." *Id*.

14. Thus, by and through the September 28 Letter, IV, by and through its agent IVGL, has accused OpenText of infringing each Asserted Patent based at least on specific, identified "accused products."

15. Specifically, the table of allegedly infringing products in the September 28 Letter is set forth below.

| US Patent No. | Title | Assignee | Example Claim | Example Product/Feature |
|---|---|---|---|---|
| 7,596,562 | System and Method for Managing Access Control List of Computer Systems | Xenogenic Development Limited Liability Company<br><br>a wholly owned subsidiary of IIF2 | 4 | Single Sign On<br><br>Source: https://www.okta.com/integrations/opentext-myportal/ |
| 7,669,081 | Systems and Methods for Scheduling, Processing, and Monitoring Tasks | OL Security Limited Liability Company<br><br>a wholly owned subsidiary of IIF2 | 1 | Open-Source Software: Spark* |
| 8,127,367 | Refreshing Software Licenses | S. Aqua Semiconductor, LLC<br><br>a wholly owned subsidiary of IIF1 | 1 | Software Licenses<br><br>Source: https://admhelp.microfocus.com/uft/en/23.4-24.2/UFT_Install_Guide.pdf |
| 8,290,948 | Method and Apparatus for Content Filtering | Intellectual Ventures I LLC | 1 | DNS Protection<br><br>Source: https://www.opentext.com/en/media/white-paper/opentext-core-dns-protection-wp-en.pdf |
| 8,332,844 | Root Image Caching and Indexing for Block-Level Distributed Application Management | Intellectual Ventures II LLC | 7 | Open-Source Software: Docker* |
| 8,352,584 | System for Hosting Customized Computing Clusters | Intellectual Ventures II LLC | 1 | Open-Source Software: Kubernetes* |
| RE48,894 | Disaggregated Resources and Access Methods | Intellectual Ventures I LLC | 15 | Open-Source Software: Kafka* |

Ex. A at 1.

16. For the ’562 Patent, IV accuses OpenText of infringing at least Claim 4 through the alleged use of Okta “Single Sign On” software in OpenText MyPortal, which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” As support for its infringement accusation, IV references the website: https://www.okta.com/integrations/opentext-myportal/. *Id.*

17. OpenText denies that it infringes the ’562 Patent, whether through the identified and accused use of Okta Single Sign On software in the OpenText MyPortal or otherwise.

18. For the ’081 Patent, IV accuses OpenText of infringing at least Claim 1 through the alleged use of “Open-Source Software: Spark”—which is a reference to third-party Apache Spark software—which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” *Id.*

19. OpenText denies that it infringes the ’081 Patent, whether through the identified and accused use of Open-Source Software: Spark or otherwise.

20. For the ’367 Patent, IV accuses OpenText of infringing at least Claim 1 through the alleged use of its “Software Licenses” product or feature—which is a reference to OpenText Functional Testing—which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” *Id*. As support for its infringement accusation, IV references the website: https://admhelp.microfocus.com/uft/en/23.4-24.2/UFT_Install_Guide.pdf. The referenced website contains the Installation Guide for OpenText Functional Testing, software version 24.4.

21. OpenText denies that it infringes the ’367 Patent, whether through the identified and accused use of “Software Licenses” and/or OpenText Functional Testing or otherwise.

22. For the ’948 Patent, IV accuses OpenText of infringing at least Claim 1 through the alleged use of its “DNS Protection” product or feature—which is a reference to OpenText Core DNS Protection—which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” *Id*. As support for its infringement accusation, IV references the website: https://www.opentext.com/en/media/white-paper/opentext-core-dns-protection-wp-en.pdf. The referenced website contains a White Paper for OpenText Core DNS Protection.

23. OpenText denies that it infringes the ’948 Patent, whether through the identified and accused use of DNS Protection and/or OpenText Core DNS Protection or otherwise.

24. For the ’844 Patent, IV accuses OpenText of infringing at least Claim 7 through the alleged use of “Open-Source Software: Docker”—which is a reference to third-party Docker Software—which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” *Id*.

25. OpenText denies that it infringes the ’844 Patent, whether through the identified and accused use of Open-Source Software: Docker or otherwise.

26. For the ’584 Patent, IV accuses OpenText of infringing at least Claim 1 through the alleged use of “Open-Source Software: Kubernetes”—which is a reference to third-party Kubernetes Software—which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” *Id.*

27. OpenText denies that it infringes the ’584 Patent, whether through the identified and accused use of Open-Source Software: Kubernetes or otherwise.

28. For the RE’894 Patent, IV accuses OpenText of infringing at least Claim 15 through the alleged use of “Open-Source Software: Kafka”—which is a reference to third-party Apache Kafka—which IV contends OpenText “makes, uses, sells, offers for sale, imports and/or encourages its customers and partners to make use, sell, offer to sell and/or import.” *Id.*

29. OpenText denies that it infringes the RE’894 Patent, whether through the identified and accused use of Open-Source Software: Kafka or otherwise.

30. For IV’s accusations based on third-party software—including, specifically, the allegations of infringement under the ’081, ’844, ’584, and RE’894 patents—the September 28 Letter “accuse[d] OpenText’s privately managed implementations of [Apache] Spark, Docker, Kubernetes, and [Apache] Kafka, as well as non-licensed public cloud-based implementations of those technologies that OpenText uses to support its systems and services.” *Id.* at 2.

31. The September 28 Letter also states that IV’s “investigation of OpenText products and services is ongoing.” *Id.* at 1.

32. As of the filing of this Complaint, IV has asserted the ’844 and/or ’584 Patents in at least 12 other complaints for patent infringement, based on those defendants’ alleged use of Docker and/or Kubernetes:

| # | Case | Accused Products |
|---|---|---|
| 1 | *Intell. Ventures I LLC v. JPMorgan Chase Bank, N.A.*, No. 2:23-cv-00523 (E.D. Tex. Nov. 15, 2023), D.I. 1 | ’844 Patent vs. Docker |
| 2 | *Intell. Ventures I LLC v. Comerica Inc.*, No. 2:23-cv-00524 (E.D. Tex. Nov. 15, 2023), D.I. 1 | ’844 Patent vs. Docker |
| 3 | *Intell. Ventures I LLC v. Liberty Mutual Holding Co.*, No. 2:23-cv-00525 (E.D. Tex. Nov. 15, 2023), D.I. 1 | ’844 Patent vs. Docker |
| 4 | *Intell. Ventures I LLC v. American Airlines, Inc.*, No. 4:24-cv-00980 (E.D. Tex. Nov. 2, 2024), D.I. 1<br><br>*Intell. Ventures I LLC, et al. v. American Airlines, Inc.* 4-25-cv-00576 (E.D. Tex. May. 30, 2025), D.I. 1 | ’844 Patent vs. Docker<br>’584 Patent vs. Kubernetes |
| 5 | *Intell. Ventures I LLC v. Southwest Airlines Co.*, No. 7:24-cv-00277 (W.D. Tex. Nov. 2, 2024), D.I. 1<br><br>*Intell. Ventures I LLC et al. v. Southwest Airlines Co*., No. 3-25-cv-02885 (N.D. Tex Oct. 24, 2025), D.I. 1 | ’844 Patent vs. Docker<br>’584 Patent vs. Kubernetes |
| 6 | *Intellectual Ventures I LLC v. Bank of New York Mellon Corp.*, No. 3:25-cv-00631 (N.D. Tex. Mar. 15, 2025), D.I. 1 | ’844 Patent vs. Docker<br>’584 Patent vs. Kubernetes |
| 7 | *Intell. Ventures I LLC v. Nationwide Mutual Ins. Co.*, No. 3:25-cv-00632 (N.D. Tex. Mar. 15, 2025), D.I. 1 | ’844 Patent vs. Docker |
| 8 | *Intell. Ventures I LLC v. Home Depot, Inc.*, No. 1:25-cv-01147 (W.D. Tex. July 23, 2025), D.I. 1 | ’844 Patent vs. Docker<br>’584 Patent vs. Kubernetes |

| # | Case | Accused Products |
|---|---|---|
| 9 | *Intell. Ventures I LLC v. Deere & Co.*, No. 1:26-cv-00425 (W.D. Tex. Feb. 23, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes |
| 10 | *Intell. Ventures I LLC v. Gov't Emps. Ins. Co.*, No. 3:26-cv-00978 (N.D. Tex. Mar. 26, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes |
| 11 | *Intell. Ventures II LLC v. United Parcel Serv., Inc.*,<br>No. 1:26-cv-01150 (W.D. Tex. May 1, 2026), D.I. 1 (voluntarily dismissed)<br><br>*Intell. Ventures II LLC v. United Parcel Serv., Inc.*, Case No. 1:26-cv-01421 (D. Del. Nov. 4, 2026), D.I. 1 | '844 Patent vs. UPS ORION and Kubernetes<br>'584 Patent vs. Kubernetes |
| 12 | *Intell. Ventures I LLC et al. v. UnitedHealth Grp. Inc. et al*, No. 2:26-cv-00395 (E.D. Tex. May 14, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes |

33. At least ten declaratory judgment complaints involving one or more of the Asserted Patents have been filed, based on IV's allegations of infringing use of Apache Spark, Apache Kafka, Docker, and/or Kubernetes in a pre-suit correspondence letter:

| # | Case | Accused Products |
|---|---|---|
| 1 | *Assurant, Inc. v. Intell. Ventures I LLC et al.*, No. 1:24-cv-00344 (D. Del. Mar. 15, 2024), D.I. 1 | '844 Patent vs. Docker |
| 2 | *First Horizon Bank v. Intell. Ventures Mgmt., LLC et al.*, No. 2:25-cv-02956 (W.D. Tenn. Oct. 16, 2025), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>RE'894 Patent vs. Apache Kafka |
| 3 | *The Hanover Ins. Grp., Inc. et al. v. Intell. Ventures Mgmt.*, LLC, *et al.*, No. 1:26-cv-11633 (D. Mass. Apr. 7, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>RE'894 Patent vs. Apache Kafka |
| 4 | *Hartford Fire Ins. Co. et al. v. Intell. Ventures I LLC et al.*, No. 1:26-cv-00392 (D. Del. Apr. 7, 2026), D.I. 1 | '844 Patent vs. Docker<br>'081 Patent vs. Apache Spark |
| 5 | *The Travelers Indem. Co. v. Intell. Ventures I LLC et al.*, No. 1:26-cv-00397 (D. Del. Apr. 8, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>RE'894 Patent vs. Apache Kafka<br>'081 Patent vs. Apache Spark |
| 6 | *Munich Re America Services, Inc. et al. v. Intell. Ventures I LLC et al.*, No. 1:26-cv-00417 (D. Del. Apr. 10, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>'081 Patent vs. Apache Spark |

| # | Case | Accused Products |
|---|---|---|
| 7 | *ALDI Inc. v. Intell. Ventures I LLC et al.*, No. 1:26-cv-00461 (D. Del. Apr. 21, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>RE'894 Patent vs. Apache Kafka |
| 8 | *Health Care Serv. Co. v. Intell. Ventures II LLC et al.*, No. 1:26-cv-00466 (D. Del. Apr. 23, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>'081 Patent vs. Apache Spark |
| 9 | *Robinhood Mkts., Inc. v. Intell. Ventures I LLC et al.*, No. 1:26-cv-00774 (D. Del. Jun. 30, 2026), D.I. 1 | '844 Patent vs. Docker<br>'584 Patent vs. Kubernetes<br>RE'894 Patent vs. Apache Kafka<br>'081 Patent vs. Apache Spark |
| 10 | *DB USA Core Co. v. Intell. Ventures I LLC et al.*, No. 1:26-cv-00799 (D. Del. Jul. 2, 2026), D.I. 1 | '844 Patent vs. Docker |

34. IV has asserted infringement counterclaims in response to each of the above-mentioned declaratory judgment complaints. *See, e.g.*, *Health Care Serv. Corp. v. Intell. Ventures II LLC*, C.A. No. 26-466 (GBW), D.I. 14 at 17-49 (D. Del. July 28, 2026) (asserting infringement counterclaims against the '081, '844, '584 Patents); *ALDI Inc. v. Intell. Ventures I LLC*, C.A. No. 26-461 (GBW), D.I. 12 at 20-49 (D. Del. July 28, 2026) (asserting infringement counterclaims against the '844, '584, RE'894 Patents); *The Hanover Ins. Grp., Inc. v. Intell. Ventures Mgmt., LLC*, C.A. No. 26-cv-11633-WGY, D.I. 14 at 13-29 (D. Mass. June 26, 2026) (asserting infringement counterclaims against the '844, '584, RE'894 Patents).

35. IV's infringement accusations have placed OpenText in a position of uncertainty and risk concerning the continued development, operation, marketing, licensing, support, and provision of its own products, and of the products and services it offers its customers, including the "Accused Products."

36. OpenText denies infringement of any claim of any Asserted Patent, via any OpenText product or other product that IV accuses (the "Accused Products"), which include, without limitation, the products identified in the September 28 Letter. IV's infringement allegations are unfounded and incorrect.

37. On information and belief, certain information concerning Okta Single Sign-On functionality, a Product/Feature that IV accuses of infringing the '562 Patent, can be found at: https://www.okta.com/products/single-sign-on-workforce-identity/; https://www.okta.com/integrations/?filters=okta%3Aoin%2Fuse-case%2Fsingle-sign-on; https://community.opentext.com/cfs-file/__key/communityserver-discussions-components-files/222/Saml_5F00_setup_5F00_walkthrough_5F00_and_5F00_troubleshooting.pdf; https://developer.opentext.com/cloud-platform/developertools/ocp/tutorials/okta-saml-and-scim-integration-for-opentext-applications/1; https://www.okta.com/resources/discovery/; https://support.okta.com/help/s/knowledge?selectedTopics&sortValue=Most%20Popular&searchTerm=okta%20single%20sign-on; and https://support.okta.com/help/s/product-hub?language=en_US&_gl=1*18ejm4s*_gcl_au*NTEzNzgxODczLjE3OTM4MTIzMjY.*_ga*NjQwNzI0OTE5LjE3OTM4MTIzMjY.*_ga_QKMSDV5369*czE3OTM4MTIzMjUkbzEkZzEkdDE3OTM4MTIzNDEkajQ0JGwwJGgw.

38. On information and belief, certain information concerning Apache Spark functionality, a Product/Feature that IV accuses of infringing the '081 Patent, can be found at: https://spark.apache.org/; https://spark.apache.org/docs/latest/cluster-overview.html; https://spark.apache.org/docs/latest/job-scheduling.html; https://spark.apache.org/docs/latest/rdd-programming-guide.html; https://spark.apache.org/docs/latest/rdd-programming-guide.html#shuffle-operations; https://spark.apache.org/docs/latest/api/python/reference/api/pyspark.RDD.html; and https://spark.apache.org/docs/latest/api/python/reference/api/pyspark.RDD.checkpoint.html.

39. Certain information concerning OpenText Functional Testing, a Product/Feature that IV accuses of infringing the '367 Patent, can be found at:

https://www.opentext.com/products/functional-testing; https://www.opentext.com/products/functional-testing-automation-solutions; https://admhelp.microfocus.com/uft/en/26.1-26.3/UFT_Help/Content/Resources/_TopNav/_MainHelp_Home.htm; https://www-akamai.opentext.com/en/media/ebook/opentext-functional-testing-solutions-ebook-en.pdf; https://my.opentext.com/support/products/functional-testing; https://www.opentext.com/media/solution-overview/opentext-functional-testing-slo-en.pdf; https://www.opentext.com/media/data-sheet/opentext-functional-testing-ds-en.pdf; and https://www.opentext.com/media/solution-overview/opentext-functional-testing-for-developers-slo-en.pdf.

40. Certain information concerning OpenText Core DNS Protection, a Product/Feature that IV accuses of infringing the ’948 Patent, can be found at: https://cybersecurity.opentext.com/blog/what-is-dns-protection/; https://cybersecurity.opentext.com/products/endpoint-security/dns-protection/#why-dns-protection; http://opentext.com/en/media/data-sheet/opentext-core-dns-protection-ds-en.pdf; https://www.opentext.com/en/media/faq/opentext-core-dns-protection-faq-en.pdf; and https://cari01mstrop62eprod.dxcloud.episerver.net/globalassets/smb-media/resources/pdfs/opentext-core-dns-protection-leak-prevention-feature-slo-en.pdf.

41. On information and belief, certain information concerning Docker functionality, a Product/Feature that IV accuses of infringing the ’844 Patent, can be found at https://www.docker.com/; https://docs.docker.com/get-started/docker-overview/; https://docs.docker.com/get-started/docker-concepts/the-basics/what-is-a-container/; https://docs.docker.com/engine/storage/drivers/overlayfs-driver/;

https://docs.docker.com/engine/storage/drivers/; and https://www.docker.com/resources/what-container/.

42. On information and belief, certain information concerning Kubernetes functionality, a Product/Feature that IV accuses of infringing the ’584 Patent, can be found at https://kubernetes.io/; https://kubernetes.io/docs/concepts/containers/; https://kubernetes.io/docs/concepts/architecture/nodes; https://kubernetes.io/docs/concepts/overview/working-with-objects/names/; https://kubernetes.io/docs/concepts/architecture/; https://kubernetes.io/docs/concepts/services-networking/gateway/; https://kubernetes.io/docs/concepts/overview/; https://kubernetes.io/docs/concepts/overview/components/; https://kubernetes.io/docs/concepts/workloads/pods/; https://kubernetes.io/docs/concepts/services-networking/dns-pod-service/; and https://kubernetes.io/docs/concepts/services-networking/service/.

43. On information and belief, certain information on Apache Kafka functionality, a Product/Feature that IV accuses of infringing the RE’894 Patent, can be found at https://kafka.apache.org/; https://kafka.apache.org/42/design/protocol/; https://kafka.apache.org/20/documentation.html#intro_topics; https://kafka.apache.org/20/documentation.html#intro_consumers; and https://kafka.apache.org/documentation/#majordesignelements.

**THE ASSERTED PATENTS**

44. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

45. The ’562 Patent is titled “System and Method for Managing Access Control List of Computer Systems.” United States Patent and Trademark Office assignment records identify

Xenogenic Development LLC as its owner. A true and correct copy of the ’562 Patent is attached as Exhibit B.

46. The ’081 Patent is titled “Systems and Methods for Scheduling, Processing, and Monitoring Tasks.” United States Patent and Trademark Office assignment records identify OL Security Limited Liability Company as its owner. A true and correct copy of the ’081 Patent is attached as Exhibit C.

47. The ’367 Patent is titled “Refreshing Software Licenses.” United States Patent and Trademark Office assignment records identify S. Aqua Semiconductor, LLC as its owner. A true and correct copy of the ’367 Patent is attached as Exhibit D.

48. The ’948 Patent is titled “Method and Apparatus for Content Filtering.” United States Patent and Trademark Office assignment records identify Intellectual Ventures I LLC as its owner. A true and correct copy of the ’948 Patent is attached as Exhibit E.

49. The ’844 Patent is titled “Root Image Caching and Indexing for Block-Level Distributed Application Management.” United States Patent and Trademark Office assignment records identify Intellectual Ventures II LLC as its owner. A true and correct copy of the ’844 Patent is attached as Exhibit F.

50. The ’584 Patent is titled “System for Hosting Customized Computing Clusters.” United States Patent and Trademark Office assignment records identify Intellectual Ventures II LLC as its owner. A true and correct copy of the ’584 Patent is attached as Exhibit G.

51. The RE’894 Patent is titled “Disaggregated Resources and Access Methods” and is a reissue of U.S. Patent No. 8,819,092. United States Patent and Trademark Office assignment records identify Intellectual Ventures I LLC as its owner. A true and correct copy of the RE’894 Patent is attached as Exhibit H.

## THE PARTIES

52. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

53. Plaintiff Open Text Inc. is a corporation organized under the laws of the State of Delaware, with a principal place of business in the United States at 1800 S. Novell Place, Provo, Utah 84606.

54. Plaintiff Open Text US LLC is a Delaware limited liability company with its principal place of business in the United States at 1800 S. Novell Place, Provo, Utah 84606.

55. Open Text Inc. and Open Text US LLC are each involved, to varying degrees, in OpenText's research, development, sales, operation, implementation and/or support of the Accused Products.

56. On information and belief, Defendant Intellectual Ventures I LLC is a Delaware limited liability company with its principal place of business at 14360 SE Eastgate Way, Bellevue, Washington 98007. Upon information and belief, Intellectual Ventures I LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its registered agent for service of process.

57. On information and belief, Defendant Intellectual Ventures II LLC is a Delaware limited liability company with its principal place of business at 14360 SE Eastgate Way, Bellevue, Washington 98007. Upon information and belief, Intellectual Ventures II LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its registered agent for service of process.

58. On information and belief, Defendant Invention Investment Fund I, LP is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business at 14360 SE Eastgate Way, Bellevue, Washington 98007. Upon information and belief,

Invention Investment Fund I, LP has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its registered agent for service of process.

59. On information and belief, Defendant Invention Investment Fund II, LLC is a Delaware limited liability company with its principal place of business at 14360 SE Eastgate Way, Bellevue, Washington 98007. Upon information and belief, Invention Investment Fund II, LLC has designated The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent for service of process.

60. On information and belief, Defendant OL Security Limited Liability Company is a Delaware limited liability company with its principal place of business at 160 Greentree Drive, Suite 101, Dover, Delaware 19904. Upon information and belief, OL Security LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its registered agent for service of process.

61. On information and belief, Defendant Xenogenic Development LLC is a Delaware limited liability company with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, Xenogenic Development LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its registered agent for service of process.

62. On information and belief, Defendant S. Aqua Semiconductor, LLC is a Delaware limited liability company with its principal place of business at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808. Upon information and belief, S. Aqua Semiconductor, LLC has designated Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808 as its registered agent for service of process.

63. On information and belief, Intellectual Ventures I LLC is a wholly owned subsidiary of Invention Investment Fund I, LP ("IIF I") and Intellectual Ventures II LLC is a wholly owned subsidiary of Invention Investment Fund II, LLC ("IIF II"). Ex. A at 1. Xenogenic and OL Security are wholly owned subsidiaries of IIF II, and S. Aqua Semiconductor, LLC is a wholly owned subsidiary of IIF I. *Id.*

**JURISDICTION AND VENUE**

64. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

65. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, Title 35 of the United States Code.

66. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

67. An actual, substantial, and immediate controversy exists between OpenText and IV concerning whether OpenText infringes or has infringed the Asserted Patents. Through the September 28 Letter, IV identified each Asserted Patent, a claim from the corresponding Asserted Patent, and an "infringing product[]" for each Asserted Patent. *See* Ex. A at 1. The September 28 Letter invoked and mirrored the language of the patent infringement statute (35 U.S.C. § 271), stating that "OpenText makes, uses, sells, offers for sale, imports, and/or encourages its customers and partners to make, use, sell, offer to sell and/or import" the allegedly "infringing products." For avoidance of doubt, the September 28 Letter clarifies that IV "accuses" both OpenText's "privately managed implementations" and "non-licensed public cloud-based implementations" of certain identified technologies. The September 28 Letter states that IV did not "authorize[] OpenText or its customers or partners to practice the patents without a license, . . .offering a patent license." *See supra* ¶¶ 9-31.

68. This Court has general personal jurisdiction over each Defendant because each Defendant was formed under Delaware law—IIF I, IIF II, IV I, IV II, and OL Security have collectively admitted this fact in prior litigation concerning one or more of the Asserted Patents in this District. *See supra* The Parties; *see, e.g.*, *Munich Re Am. Servs., Inc. v. Intellectual Ventures I LLC*, C.A. No. 26-417 (GBW), D.I. 18 at ¶¶ 14, 15, 17 (D. Del. July 28, 2026) (asserting infringement counterclaims); *The Hanover Ins. Grp., Inc. et al. v. Intell. Ventures Mgmt., LLC, et al.*, C.A. No. 26-cv-11633, D.I. 14 at ¶¶ 6-10 (D. Mass. Apr. 7, 2026) (asserting infringement counterclaims). Xenogenic has also admitted this fact in prior litigation in this District. *See, e.g.*, *Hewlett Packard Enterprise Co. v. Intellectual Ventures I LLC*, C.A. No. 22-730 (GBW), D.I. 42 at ¶ 4, 6 (D. Del. Jun. 2, 2022) (asserting infringement counterclaims).

69. IV's activities directed toward OpenText have been conducted, in whole or in part, through IVGL, who has represented itself and functioned as IV's licensing agent and representative, including with respect to the September 28 Letter and the accusations contained therein. On information and belief, IVGL is a Delaware limited liability company.

70. In addition, IV has purposefully availed itself of this forum in connection with the '584 and '844 Patents by filing lawsuits to assert those patents here. *See, e.g.*, *Intellectual Ventures II LLC v. United Parcel Service, Inc.*, C.A. No. 26-1421, D.I. 1 (D. Del. Nov. 4, 2026).

71. IV has also purposefully availed itself of this forum in connection with the '081, '844, '584, and RE'894 Patents by answering and asserting counterclaims of infringement—thus, consenting to jurisdiction—in multiple declaratory judgment actions in this District. *See, e.g.*, *Health Care Serv. Corp. v. Intell. Ventures II LLC*, C.A. No. 26-466 (GBW), D.I. 14 (D. Del. July 28, 2026) (asserting infringement counterclaims against the '081, '844, and '584 Patents in this District); *ALDI Inc. v. Intell. Ventures I LLC*, C.A. No. 26-461 (GBW), D.I. 12 (D. Del. July 28,

2026) (asserting infringement counterclaims against the ’844, ’584, and RE’894 Patents in this District).

72. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (c)(2) because each Defendant is formed under Delaware law and is subject to personal jurisdiction in this District and, therefore, resides in this District.

73. An immediate, real, and justiciable controversy exists between OpenText and Defendants as to whether OpenText is infringing or has infringed the Asserted Patents.

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment that OpenText Does Not Infringe the ’562 Patent**

74. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

75. An actual, justiciable, substantial, and immediate controversy exists between OpenText and Defendants concerning whether OpenText infringes any claim of the ’562 Patent.

76. Defendants have accused OpenText’s purported use of Okta Single Sign-On, third-party software, of infringing the ’562 Patent via OpenText MyPortal, and identified claim 4. Ex. A at 1–2.

77. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 4 of the ’562 Patent, either literally or under the doctrine of equivalents. Among other things, claim 4 requires receiving and validating a login request, “obtaining a user access list of the user account,” “loading the user access list . . . temporarily,” “granting access rights” to an application system, and “granting the user access to the other application system.” *See* Ex. B (the ’562 Patent) at claim 4. OpenText does not perform or encourage performance of the limitations recited in claim 4. As a non-limiting example, OpenText MyPortal does not include “granting the user access to the other application system upon the condition that the user access list of the user account has access rights to the other application systems.”

78. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’562 Patent.

**SECOND CLAIM FOR RELIEF**
**Declaratory Judgment that OpenText Does Not Infringe the ’081 Patent**

79. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

80. An actual, justiciable, substantial, and immediate controversy exists between OpenText and IV concerning whether OpenText infringes any claim of the ’081 Patent.

81. Defendants have accused OpenText’s purported use of Apache Spark, third-party open-source software, of infringing the ’081 Patent, and identified claim 1. Ex. A at 1–2.

82. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 1 of the ’081 Patent, either literally or under the doctrine of equivalents. Among other things, Claim 1 requires receiving a process request with tasks and a scheduler rule, “receiving a plurality of checkpoints associated with the process, each checkpoint comprising checkpoint state data and at least a respective checkpoint rule governing execution of the process, [where the checkpoint rule] defines . . . one or more of the plurality of tasks to be executed and the way in which the one or more tasks will execute,” “determining a first task . . . to be scheduled,” and “determining the first checkpoint . . . in accordance with the scheduler rule.” *See* Ex. C (the ’081 Patent) at Claim 1. OpenText does not perform or encourage performance of the limitations recited in claim 1. As a non-limiting example, OpenText does not provide a checkpoint as claimed or “receiv[e] a plurality of checkpoints associated with the process, each checkpoint comprising checkpoint state data and at least a respective checkpoint rule governing execution of the process, [where the checkpoint rule] defines . . . one or more of the plurality of tasks to be executed and the way in which the one or more tasks will execute.”

83. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’081 Patent.

**THIRD CLAIM FOR RELIEF**
**Declaratory Judgment that OpenText Does Not Infringe the ’367 Patent**

84. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

85. An actual, justiciable, substantial, and immediate controversy exists between OpenText and Defendants concerning whether OpenText infringes any claim of the ’367 Patent.

86. Defendants have accused OpenText Functional Testing of infringing the ’367 Patent, and identified claim 1. Ex. A at 1–2.

87. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 1 of the ’367 Patent, either literally or under the doctrine of equivalents. Among other things, Claim 1 requires a “license access agent” with “a license manager” that “receive[s] a software license in response to a request for authorizing usage of a protected software product,” where the “license manager [is] configured to disable the protected software product upon expiration of the software license unless the license manager obtains a refreshed software license.” *See* Ex. D (the ’367 Patent) at Claim 1. OpenText does not perform or encourage performance of the limitations recited in claim 1. As a non-limiting example, OpenText Functional Testing does not include a “license access agent” with a “license manager [] configured to disable the protected software product upon expiration of the software license unless the license manager obtains a refreshed software license.”

88. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’367 Patent.

**FOURTH CLAIM FOR RELIEF**

**Declaratory Judgment that OpenText Does Not Infringe the ’948 Patent**

89. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

90. An actual, justiciable, substantial, and immediate controversy exists between OpenText and Defendants concerning whether OpenText infringes any claim of the ’948 Patent.

91. Defendants have accused OpenText Core DNS Protection of infringing the ’948 Patent, and identified claim 1. Ex. A at 1–2.

92. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 1 of the ’948 Patent, either literally or under the doctrine of equivalents. Among other things, Claim 1 requires “receiving a plurality of requests for review of various content items,” routing the requests to “reviewing resources . . . configured to present content to a human reviewer,” “associating each of the various content items with at least one classification provided by the plurality of reviewing resources after review,” and “providing classifications from the plurality of reviewing resources to a plurality of local filtering agents” with “classifications” for determining whether to present content to a user with an “associated access level.” *See* Ex. E (the ’948 Patent) at Claim 1. OpenText does not perform or encourage performance of the limitations of claim 1. As a non-limiting example, OpenText Core DNS Protection does not include “associating each of the various content items with at least one classification provided by the plurality of reviewing resources after review . . . by a human reviewer.”

93. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’948 Patent.

**FIFTH CLAIM FOR RELIEF**
**Declaratory Judgment that OpenText Does Not Infringe the ’844 Patent**

94. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

95. An actual, justiciable, substantial, and immediate controversy exists between OpenText and Defendants concerning whether OpenText infringes any claim of the ’844 Patent.

96. Defendants have accused OpenText’s purported use of Docker, third-party open-source software, of infringing the ’844 Patent, and identified claim 7. Ex. A at 1–2.

97. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 7 of the ’844 Patent, either literally or under the doctrine of equivalents. Among other things, Claim 7 requires “a first storage unit” for storing “blocks of a root image,” “a plurality of second storage units configured to store leaf images” that include “only additional data blocks not previously contained in said root image and changes made by respective compute nodes to the blocks of the root image” where the leaf images “do not include blocks of said root image that are unchanged,” and “a cache configured to cache blocks of said root image.” *See* Ex. F (the ’844 Patent) at Claim 7. OpenText does not perform or encourage performance of the limitations of claim 7. As a non-limiting example, use of Docker does not include “leaf images” that have “only additional data blocks not previously contained in said root image and changes made by respective compute nodes to the blocks of the root image.”

98. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’844 Patent.

**SIXTH CLAIM FOR RELIEF**
**Declaratory Judgment that OpenText Does Not Infringe the ’584 Patent**

99. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

100. An actual, justiciable, substantial, and immediate controversy exists between OpenText and Defendants concerning whether OpenText infringes any claim of the ’584 Patent.

101. Defendants have accused OpenText’s purported use of Kubernetes, third-party open-source software, of infringing the ’584 Patent, and identified claim 1. Ex. A at 1–2.

102. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 1 of the ’584 Patent, either literally or under the doctrine of equivalents. Among other things, Claim 1 requires two high-performance clusters of “computing resources” with differing first and second configurations, a “monitoring system” to monitor the clusters, “a first gateway communicatively linked between the first cluster and the private communications network,” “a second gateway communicatively linked between the second cluster and the private communications network,” and isolation of communications between the first and second clusters *See* Ex. G (the ’ 584 Patent) at Claim 1. OpenText does not perform or encourage performance of the limitations of claim 1. As a non-limiting example, use of Kubernetes does not include “a first gateway communicatively linked between the first cluster and the private communications network” and “a second gateway communicatively linked between the second cluster and the private communications network.”

103. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’584 Patent.

**SEVENTH CLAIM FOR RELIEF**

**Declaratory Judgment that OpenText Does Not Infringe the RE’894 Patent**

104. OpenText repeats and re-alleges each allegation above as if fully set forth herein.

105. Defendants have accused OpenText’s purported use of Apache Kafka, third-party open-source software, of infringing the RE’894 Patent, and identified claim 15. Ex. A at 1–2.

106. OpenText has not infringed, and does not infringe, directly or indirectly, at least identified claim 15 of the RE'894 Patent, either literally or under the doctrine of equivalents. Claim 15 of the RE'894 Patent depends from independent claim 8 and, therefore, incorporates every limitation of Claim 8. Among other things, Claim 8 requires receiving "node names" at "a resource consumer device," "determining, using the resource consumer device, an organizational structure of the plurality of resource nodes based on the received node names," a "parallel structure" or a "serial structure" for access to data, "generating" a "resource map" "by the resource consumer device" "based at least in part on the organizational structure," and "messaging . . . resource nodes about the data set based at least in part on the resource map." *See* Ex. H (the RE'894 Patent) at Claim 8. Claim 15 requires that "the received node names are configured to indicate a group type associated with the plurality of resource nodes." *Id.* at Claim 15. OpenText does not perform or encourage performance of the limitations of claim 15. As a non-limiting example, use of Apache Kafka does not include "determining, using the resource consumer device, an organizational structure of the plurality of resource nodes based on the received node names."

107. OpenText is therefore entitled to a declaratory judgment that it has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the RE'894 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, OpenText respectfully requests that the Court enter judgment in its favor and against Defendants and grant the following relief:

i. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '562 Patent.

ii. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’081 Patent;

iii. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’367 Patent.

iv. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’948 Patent.

v. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’844 Patent;

vi. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the ’584 Patent;

vii. A declaration that OpenText has not infringed, and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the RE’894 Patent;

viii. An order enjoining Defendants, and their respective officers, agents, servants, employees, attorneys, and persons acting on their behalf or in active concert with them, from charging or threatening infringement of the Asserted Patents against OpenText under any subsection of 35 U.S.C. § 271;

ix. A finding that this is an exceptional case under 35 U.S.C. § 285;

x. An award to OpenText of its reasonable attorneys’ fees, expenses, and costs; and

xi. Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR A JURY TRIAL</u>

OpenText demands a jury trial on all issues and claims so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Manny J. Caixeiro
VENABLE LLP
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
(310) 229-9656

Jason M. Dorsky
José A. González López
VENABLE LLP
600 Massachusetts Avenue, NW
Washington, DC 20001
(202) 344-4000

Sophia D. Gunzburg
VENABLE LLP
227 W. Monroe Street, Suite 1900
Chicago, IL 60606
(312) 820-3400

November 13, 2026